STATE OF NORTH CAROLINA v. RICHARD WILLIAM ACCOR
— AND —
STATE OF NORTH CAROLINA v. WILLARD MOORE

No. 17

(Filed 10 May 1972)

1. **Criminal Law § 66— illegal photographic identification — in-court identification — independent origin**

There was sufficient evidence to support the trial court's determination that in-court identifications of defendants as the perpetrators of a burglary arose out of the witness' observations of defendants during the crime and were independent of and not influenced by a preview of illegally obtained photographs.

2. **Criminal Law § 115— erroneous submission of lesser offenses — absence of prejudice**

In a prosecution for first degree burglary, error, if any, in the submission of lesser included offenses was favorable to defendants and was, therefore, nonprejudicial. G.S. 15-170.

3. **Criminal Law § 122— additional instructions urging verdict**

Trial court's additional charge to the jury after the dinner recess, "If you don't reach a verdict, of course, it will be necessary that the case be tried again and someone is ultimately going to have to decide the case in Gaston County and I hope it will be you," *held* without error where the court further charged that no juror should surrender any conscientious opinion in order to reach a verdict.

THE case is now before this Court on the defendants' appeal from the decision of the North Carolina Court of Appeals finding no error in their trial, convictions, and sentences in the Superior Court of GASTON County at the February 1, 1971 Session. The decision affirmed the convictions of felonious housebreaking. The defendants contend their appeal is authorized by G.S. 7A-30(1). The State contends that all constitutional questions have been decided adversely to the defendants' contentions, and the appeal should be dismissed.

*Robert Morgan, Attorney General by Walter E. Ricks III, Associate Attorney, for the State.*

*Chambers, Stein, Ferguson & Lanning by James E. Ferguson, II, and Adam Stein for defendant appellants.*

State v. Accor and State v. Moore

HIGGINS, Justice.

Resolution of the legal questions involved in the defendants' appeal and in the State's motion to dismiss require a review of what has already been decided in this case.

Defendants, Richard William Accor and Willard Moore, were charged by grand jury indictment with the crime of burglary in the first degree. They were convicted by the jury of burglary in the first degree with a recommendation punishment be imprisonment for life. From the judgment, in accordance with the verdict entered in the Superior Court of Gaston County on May 26, 1969, they appealed. The appeal was argued here on the merits. After argument, this Court found defects in the record which the Court ordered corrected. 276 N.C. 567, 173 S.E. 2d 775. After a correct record was certified to this Court and after careful consideration of the questions presented on the appeal, this Court found the trial court had committed error in the admission of evidence and ordered a new trial. 277 N.C. 65, 175 S.E. 2d 583.

At the new trial before Thornburg, S.J., at the February 1, 1971 Session, the defendants were again placed on trial on the original indictment, a copy of which appears at page 567, 276 N. C. Reports and again at page 68, 277 N.C. Reports.

At the trial before Judge Thornburg the State sought to offer the evidence of witnesses Witt Martin, James Martin, and Elizabeth Martin Carson identifying the defendants as the two colored males who broke into the residence of Mrs. Carson and, when discovered, assaulted both Witt Martin and James Martin. The defendants objected to the identifications on the ground they were tainted by a preview of an album in which illegally obtained pictures of the defendants appeared. The court conducted a thorough voir dire examination, heard evidence, found facts, and entered the following:

"1. That the photographs displayed to the witnesses were illegally obtained and are inadmissible as evidence in the cause now on trial.

"2. That the State may not offer the testimony of Elizabeth Martin Carson as to the identity of the parties involved in the trial of this action by reason of the fact that her testimony does not meet the standards for in-court

identity previously fashioned by the courts of this State or the Federal Court.

"3. That the witnesses, Witt Martin and James Martin, may offer and make in-court identification in this case, their identifications having been determined by the Court to be of independent origin and not tainted by the photographs referred to."

Mrs. Carson was called as a State's witness. She testified before the jury as to what occurred in her home on the night of March 4, 1969. At no time, however, was she permitted to testify as to the identity of the intruders into her home. The State's witnesses, Witt Martin and James Martin, were permitted to testify before the jury identifying Richard William Accor and Willard Moore as the men who forcibly entered the Carson home about 2:00 a.m. on the night of March 4, 1969, and after discovery assaulted them.

The defendants testified denying they were in the Carson home on the night of March 4, 1969. They admitted they were together on the day of March 3, 1969, and until late in the night when they separated and went to their respective homes. Moore testified he arrived at home about 1:56 a.m. Accor testified: "It was about between quarter to 2:00 or 2:00, somewhere around in that area when I got in the house . . . . " The two men lived near each other in Gastonia. Both testified that they had been engaged in heavy drinking throughout the day and until shortly before they separated.

After the arguments, the court charged the jury that under the evidence the jury could render one of four verdicts: (1) guilty of burglary in the first degree with the recommendation the punishment be imprisonment for life in the State's prison; (2) guilty of felonious housebreaking; (3) guilty of non-felonious housebreaking; or (4) not guilty. At the conclusion of the charge the court asked counsel, both for the State and for the defendants, if there was any request for further instruction. The solicitor replied, "No, sir." Defense counsel replied, "No, your Honor."

After the jury had deliberated for one hour and fifty minutes, the court sent them to dinner in charge of an officer. When they returned to the courtroom at 9 o'clock, the court gave this instruction:

"THE COURT: Members of the Jury, I wanted to be certain that you were all together before you continued your deliberations and also to give you these additional instructions, that it is not anticipated when twelve people retire to a jury room for the purpose of making up a verdict that they will be all of the same mind or opinion as to what verdict should be reached. That's the reason we have twelve jurors who are chosen so that they may sit, consider the opinions that each of the others has and do their best, after thinking on their own and considering the opinions of others, to reach a just verdict in the case. You have not been out long up to this point but I do hope that you and members of this jury will be able to reach a verdict as to each defendant. Coming as you do from all parts of Gaston County, certainly you represent a cross section of the County, and certainly you are as intelligent a jury as we would ever hope to have to hear the evidence in the case. If you don't reach a verdict, of course, it will be necessary that the case be tried again and someone ultimately is going to have to decide this case in Gaston County and I hope it will be you. I am not asking either of you at any time to surrender any conscientious opinion that he or she may have as to how the verdict should be reached as to each defendant, but I am asking you to do your very conscientious best to reach a verdict in this case as to each defendant. With those additional instructions, you may be excused to continue your deliberations."

Two hours later the jury returned into court and rendered this verdict: "Guilty of felonious breaking and entering." The court imposed on each defendant a prison sentence of eight to ten years "to have credit for jail time and prison time served from March 6, 1969." The defendants appealed to the North Carolina Court of Appeals. The decision finding no error in the trial is reported in 13 N.C. App. 10, 185 S.E. 2d 261.

Within the time permitted, the defendants filed notice of appeal to this Court alleging that in their trial their constitutional rights had been denied them in three particulars: (1) by permitting the State's witnesses Witt Martin and James Martin to identify the defendants as the two men who entered the Elizabeth Martin Carson home on the night of March 4, 1969; (2) by the trial court's instruction to the jury that it

should render one of four verdicts; and (3) the court's instruction after the jury had begun its deliberations.

Unless there is merit in one or more of the above particulars in which the defendants allege their rights were denied, the motion of the State to dismiss should be allowed, or the decision of the Court of Appeals affirmed.

When the court ascertained the State intended to offer evidence of Witt Martin, James Martin, and Elizabeth Martin Carson identifying the defendants as the men who broke into the Carson home on the night of March 4, 1969, and that the defendants intended to challenge on the ground the witnesses had been shown illegally obtained photographs of the defendants placed in an album with other photographs, thus tainting the identifications rendering them inadmissible in evidence, the court conducted an extensive voir dire. Witt Martin and James Martin each testified he had a full face view of the intruders under good light and that there was no doubt in his mind about the identity of the intruders into the home. While he saw the album, his identification was based exclusively on his face to face confrontation in the home.

Mrs. Carson testified that she saw the two intruders into the home and later saw their pictures in an album. The court sustained the defendants' objection to testimony of identification.

[1] The court made detailed findings of fact and concluded that Witt Martin and James Martin were qualified to give identifying evidence before the jury, specifically finding their identifications were independent of and not influenced by a preview of the illegally obtained photographs. Their identifications were based entirely on the face to face confrontations in the home. The court concluded that Mrs. Carson's evidence might have been influenced by the album and sustained the defendants' objection to her identifying testimony. The court permitted Witt Martin and James Martin to testify before the jury. The admission of their testimony is challenged by the defendants.

It is well established in North Carolina that findings of fact made by the trial judge and conclusions drawn therefrom on the voir dire examination are binding on the appellate courts if supported by evidence. *State v. Wright,* 274 N.C. 380, 163

S.E. 2d 897; *State v. Wilson,* 262 N.C. 419, 137 S.E. 2d 109; *State v. Austin,* 276 N.C. 391, 172 S.E. 2d 507.

" . . . (I)f the in-court identification had an independent origin it is competent. If it resulted from the illegal, out-of-court confrontation it is incompetent. . . . That question should be decided by the trial court on a voir dire examination . . . . " *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581. See also *Wong Sun v. U. S.,* 371 U.S. 471, 9 L.Ed. 2d 441; and *State v. Gatling,* 275 N.C. 625, 170 S.E. 2d 593; and *U. S. v. Wade,* 388 U.S. 218, 18 L.Ed. 2d 1149.

The defendants have not been denied their constitutional rights by the admission of testimony of Witt Martin and James Martin at the trial. The decision of the Court of Appeals so holding is sustained by the authorities and is correct.

[2] The defendants challenged the court's charge on the permissible verdicts which are included lesser offenses in an indictment charging first degree burglary. G.S. 15-170 provides: "Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." *State v. Allen,* 279 N.C. 115, 181 S.E. 2d 453; *State v. Fikes,* 270 N.C. 780, 155 S.E. 2d 277; *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591; *State v. Chambers,* 218 N.C. 442, 11 S.E. 2d 280.

In the first trial the defendants were convicted of burglary in the first degree and given sentences of life imprisonment. In the trial now under review they were convicted of felonious housebreaking and given sentences of eight to ten years. They were on trial in the State court for a violation of State law. Error, if any, in the submission of lesser offenses was favorable to the defendants and hence was nonprejudicial. Constitutional rights were not infringed.

[3] Finally, the defendants contend the court's additional charge, heretofore quoted in full, violated their constitutional rights to a fair trial. A reading of that portion of the charge which is the subject of the objection, shows conclusively that the court was explaining to twelve laymen that it was their duty to act and they could only act as a body. *State v. Green,* 246 N.C. 717, 100 S.E. 2d 52; *State v. Barnes,* 243 N.C. 174, 90 S.E. 2d

321. Nothing unfair or prejudicial to the defendants' rights can be read into the additional charge. The jury's verdict under the evidence in the case was not unkind to the defendants. The court's failure to sequester the witnesses was discretional.

After careful review, we find the decision of the Court of Appeals is correct and in accordance with our decided cases. That decision is

Affirmed.