STATE OF NORTH CAROLINA v. BURNETT REAVES ALIAS, BURNEY REED

No. 725SC424

(Filed 2 August 1972)

1. **Criminal Law § 66— identification prior to arrest — in-court identification — independent origin**

In an armed robbery prosecution an in-court identification of defendant was proper when that identification was based entirely on the witness's observation of defendant at the scene of the robbery and was not tainted by an out-of-court identification that took place when defendant was not represented by counsel and at a time when he had not waived his right to counsel, particularly since the out-of-court identification did not result from any illegal procedure.

2. **Robbery § 1— armed robbery — allegation and proof of value of property**

It is not necessary in an armed robbery prosecution to allege or prove the particular value of the property taken, provided the indictment and proof show that the property was that of the person assaulted or under his care, and that such property is the subject of robbery and that it had some value.

3. **Criminal Law § 115— armed robbery — jury instructions — lesser included offenses**

The necessity for instructing the jury as to an included crime of lesser degree than that charged arises only when there is evidence from which the jury could find that such included crime of lesser degree was committed.

APPEAL by defendant from *Hasty, Judge,* 10 January 1972 Session of Superior Court held in NEW HANOVER County.

Defendant was charged in a bill of indictment, proper in form, with the offense of armed robbery.

The State offered evidence tending to show the following: On the night of 29 November 1971, and the early morning hours of the following day, William Page was working alone as operator of Gate's Service Station in New Hanover County. Shortly after midnight two men walked up to the station and went inside. One of the men picked up a red pack of Dentyne chewing gum and asked the price. Page told him. The man then asked if Page had a green package. When Page told him "no," the man put the gum down. Both men then went to the drink box outside the station, but they did not get a drink. Page stood in front of the station and watched them. The men returned to the inside of the station where one of them again

picked up a pack of gum and asked the price. Page testified: "I walked over to him and told him it was 10 cents. At this time both men were standing right at the door of the station, and they were standing together. One of them stuck a gun in my stomach and the other one said, 'This is a stickup'. They then told me to lie down on the floor. I lay down on the floor face down. . . . I don't know what kind of gun it was, it was bright looking. It was a pistol."

While Page was lying on the floor one of the men hit him in the back of the head with the pistol. The men then removed $102.63 from Page's pocket and $33.00 from a changer which was in a desk drawer.

Page identified defendant as one of the two men who entered the station and as the one who "stuck a gun in my stomach."

The jury returned a verdict of guilty of armed robbery. Judgment was entered on the verdict imposing a prison sentence of not less than seven nor more than ten years.

*Attorney General Morgan by Associate Attorney Byrd for the State.*

*Jeffrey T. Myles for defendant appellant.*

GRAHAM, Judge

Through his first five assignments of error defendant challenges the court's admission of his in-court identification by the prosecuting witness, William Page.

[1] After an extensive *voir dire* examination the court made findings of fact and concluded that the in-court identification of defendant was based entirely on Page's observation of defendant at the scene of the robbery and was not tainted by an out-of-court identification that took place when defendant was not represented by counsel and at a time when he had not waived his right to counsel. The court's findings, which are supported by the evidence and in turn support the conclusions made, are binding on appeal. *State v. Accor* and *State v. Moore,* 281 N.C. 287, 188 S.E. 2d 332; *State v. Lassiter,* 15 N.C. App. 265, 189 S.E. 2d 798.

Moreover, the uncontroverted evidence elicited on *voir dire* tended to show that the out-of-court identification of defendant by the witness Page did not result from any illegal procedure. The identification took place in District Court when defendant and eighteen or twenty other prisoners entered the prison box to be tried for various unrelated offenses. Page, who was in the courtroom at the time, immediately pointed out defendant as one of the men who had participated in the robbery. Defendant was not under arrest for the armed robbery at that time, nor was he even suspected of involvement in it. Therefore, the identification did not occur during any prosecutive stage, much less during a critical stage at which defendant would have been entitled, as a matter of constitutional right, to counsel. See *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1972).

Defendant contends the case should have been nonsuited because (1) the State proved that $135.63 was taken from the prosecuting witness or in his presence; whereas, the bill of indictment stated the amount as $271.26, and (2) the evidence was insufficient to show the use of a pistol or other deadly weapon. These contentions are without merit.

[2] It is not necessary in an armed robbery prosecution to allege or prove the particular value of the property taken, provided the indictment and proof show that the property was that of the person assaulted or under his care, and that such property is the subject of robbery and that it had some value. *State v. Owens*, 277 N.C. 697, 178 S.E. 2d 442.

As to defendant's second reason for insisting that the case should have been nonsuited, suffice to say the prosecuting witness repeatedly and without objection referred to the instrument stuck in his stomach by defendant as a gun or pistol and described it in detail.

[3] Finally, defendant contends that the court should have submitted to the jury issues relating to his possible guilt of various lesser included offenses. The necessity for instructing the jury as to an included crime of lesser degree than that charged arises only when there is evidence from which the jury could find that such included crime of lesser degree was committed. *State v. Carnes*, 279 N.C. 549, 184 S.E. 2d 235. The evidence in this case tends to show a completed robbery. The court charged the jury that they could return a verdict of guilty

as charged in the bill of indictment, guilty of common law robbery or not guilty. There was no evidence that would warrant or support a finding that defendant was guilty of any other lesser included offense.

No error.

Judges PARKER and VAUGHN concur.