STATE OF NORTH CAROLINA v. LEROY ROLLINS (ROLINS)

No. 7227SC739

(Filed 22 November 1972)

Criminal Law § 66— pretrial identification at poolroom — no right to counsel — in-court identification — independent origin

   In-court identification of defendant as the perpetrator of a robbery was not rendered inadmissible by a pretrial identification of defendant at a poolroom at a time when he was unrepresented by counsel where defendant was not entitled to counsel at the pretrial identification because he was not in custody and no charges relating to the robbery had been made against him, and the in-court identification was based solely upon the witness' observation of defendant at the time of the robbery.

APPEAL by defendant from *Fountain, Judge,* 10 April 1972 Session of Superior Court held in GASTON County.

Defendant was tried upon his plea of not guilty to a charge of feloniously taking $1,711.19 from the person of Roger Beaver with the use of a .22 caliber pistol.

The State's evidence tended to show that on 20 December 1971, Roger Beaver and his wife drove to Citizens National Bank on Main Street in Gastonia to make a bank deposit for the wife's employer. Mrs. Beaver remained in the car while Mr. Beaver walked over to the night depository. He had the key in the depository when a man tapped him on the shoulder, turned him around and grabbed the bag containing the deposit of about $1,800.00. Beaver resisted at first but surrendered the bag after the man pulled a gun and pointed it toward him. The man then fled on foot, passing the car in which Mrs. Beaver was sitting. Mrs. Beaver pointed defendant out in court as the man whom she observed commit the robbery. Neill Barnes testified that he was waiting behind Beaver at the night depository to make a deposit and saw defendant pull a pistol on Beaver and take the money bag from him.

Defendant took the stand and contended that at the time the robbery occurred, he was working at a poolroom a short distance from the bank. Other witnesses supported his alibi.

The jury returned a verdict of guilty, and defendant appeals from judgment entered on the verdict imposing an active prison sentence.

*Attorney General Morgan by Associate Attorney Kramer for the State.*

*Ralph C. Gingles, Jr., for defendant appellant.*

GRAHAM, Judge.

Defendant's only assignment of error is to the overruling of his objection to the in-court identification testimony by Neill Barnes. This assignment of error is overruled.

A *voir dire* examination was conducted before the witness was permitted to identify defendant in court. Barnes testified on *voir dire* that several days after the robbery he went with police officers to a poolroom in Gastonia. They asked him to look around to see if he recognized anyone. After looking over 15 or 20 people inside the poolroom, Barnes pointed defendant out to officers as the man who committed the robbery. The

officers did not tell Barnes who their suspect was nor did they assist him in any way in making the identification. Defendant contends this procedure was illegal for the reason that he had no opportunity to have counsel present at the time. This contention is without merit. Defendant was not in custody at the time, and no charges relating to the robbery had been made against him. Consequently, his out-of-court identification by Barnes did not occur during a time when he was entitled, as a matter of constitutional right, to counsel. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed. 2d 411 (1972); *State v. Reaves*, 15 N.C. App. 476, 190 S.E. 2d 358. Moreover, the trial court found from evidence elicited on *voir dire* that Barnes' in-court identification of defendant was based solely upon his observation of defendant at the time of the alleged robbery. This finding is supported by the evidence.

We find that defendant had a fair trial free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.