STATE OF NORTH CAROLINA v. JERRY CLAYTON PUTNAM

No. 7427SC868

(Filed 5 February 1975)

**Homicide § 30— second degree murder — reckless handling of firearm — failure to instruct on involuntary manslaughter erroneous**

In a prosecution for second degree murder where there was no evidence from which the jury could find that defendant killed deceased in the heat of passion or in self-defense by using excessive force, the trial court properly failed to instruct on voluntary manslaughter; however, since there was some evidence that defendant was handling a

firearm which he thought was unloaded in a reckless manner, the trial court should have instructed on involuntary manslaughter.

APPEAL by defendant from *Grist, Judge,* 8 July 1974 Session of Superior Court held in CLEVELAND County. Heard in the Court of Appeals on 16 January 1975.

Defendant was tried upon a bill of indictment charging him with the murder of Charles Edwin McSwain. The State elected to put defendant on trial for second degree murder, and defendant entered a plea of not guilty.

State's evidence tended to show that the defendant and several other men participated in an all night poker game with defendant providing the house, food, and poker chips. As the game began to break up, defendant left the others and went into the kitchen. Suddenly, a shotgun blast was heard. One Mial Putnam and the deceased, Charles McSwain, were struck by the blast. Defendant immediately exclaimed that he didn't know the gun was loaded.

Two witnesses stated that they had seen defendant bring the gun into the house on past occasions. Some thirty minutes before the incident, defendant and McSwain had argued over some money. Lastly, there was testimony that defendant said he had been hurt when the hammers on the outside of the shotgun had hung on his side.

Defendant offered no evidence.

The jury returned a verdict of guilty of second degree murder, and from a judgment sentencing defendant to not less than ten nor more than fifteen years, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Archie W. Anders, for the State.*

*Hamrick, Mauney & Flowers, by Fred A. Flowers, for defendant appellant.*

MARTIN, Judge.

"Where there is evidence of defendant's guilt of a lesser degree of the crime charged in the indictment, the court must submit defendant's guilt of the lesser included offense to the jury; if he fails to do so, the error is not cured by a verdict

convicting defendant of the offense charged." *State v. Moore,* 275 N.C. 198, 166 S.E. 2d 652 (1969).

In the present case the trial court instructed the jury on second degree murder and death by accidental means. Defendant argues he was entitled to an instruction on voluntary and involuntary manslaughter.

The necessity for instructing the jury as to an included crime of lesser degree than that charged arises only when there is evidence from which the jury could find that such included crime of lesser degree was committed. *State v. Reaves,* 15 N.C. App. 476, 190 S.E. 2d, 358 (1972). The evidence in this case is very meager. There is evidence that defendant and McSwain had argued over some money but that it had ended twenty-five to thirty minutes prior to the shooting. It also appears that defendant was cashing in chips less than five minutes before the shooting. That is the extent of the evidence with regard to defendant's emotional state. In our opinion there was no evidence from which the jury could find that defendant killed McSwain in the heat of passion or in self-defense by using excessive force. Thus, the absence of any instruction as to voluntary manslaughter was not error. *See State v. Moore, supra.*

However, we feel defendant was entitled to an instruction on involuntary manslaughter. One who handles a firearm in a reckless or wanton manner and thereby unintentionally causes the death of another is guilty of involuntary manslaughter. *State v. Moore, supra.* In this regard, there is some evidence that defendant was handling a firearm which he thought was unloaded in a reckless manner.

Failure to submit the issue of involuntary manslaughter to the jury entitles defendant to a new trial.

New trial.

Judges VAUGHN and ARNOLD concur.