State v. Smith

STATE OF NORTH CAROLINA v. WILLIAM HENRY SMITH, JR.

No. 748SC1079

(Filed 7 May 1975)

1. **Criminal Law § 66— pretrial photographic identification of defendant — in-court identification proper**

    Evidence was sufficient to support the trial court's finding that a robbery victim's identification of defendant was based on her observation of him at the crime scene and not on a subsequent photographic identification where the evidence tended to show that the crime took place in daylight, the victim had ample time to observe defendant, the victim studied defendant's appearance because she wanted to know him when she saw him again, the police showed the victim six photographs on the day after the robbery but none resembled defendant, five weeks later on 13 August 1974 the police notified the victim that a man fitting her assailant's description had been apprehended, the victim was shown nine photographs from which she identified defendant, defendant's photograph had the date 13 August 1974 written on it, and none of the other photographs were dated in this manner.

2. **Criminal Law § 102— jury argument of solicitor — immediate curative instruction — no prejudice**

    Defendant was not prejudiced by the solicitor's argument which made reference to matters which had not been introduced into evidence before the jury, since the trial court immediately gave a curative instruction.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 3 October 1974 in Superior Court, LENOIR County. Heard in the Court of Appeals 8 April 1975.

Defendant was charged with and found guilty of robbery with a firearm.

The evidence presented at the trial indicated that on the afternoon of 17 July 1974, defendant approached a yellow Cadillac in which Mrs. Shelby Casey was sitting, and demanded, at gunpoint, that Mrs. Casey give him two pocketbooks that were in the car. One of the pocketbooks belonged to Mrs. Casey and contained approximately $200.00; the other belonged to Mrs. Emma Jet and contained approximately $1,000.00. Defendant attempted to get inside the car, which was locked, through a partially opened window. Mrs. Casey tried to prevent him from opening the door, but failed. However, she did manage to kick the gun out of defendant's hand after the door was opened. A struggle ensued, and defendant's hat and glasses fell off. Defendant finally was able to grab the pocketbooks and escape. The pocketbooks were found later under some nearby bushes.

Defendant testified that he had been wearing a rhinestone earring in his left ear for three years. The witness' description of defendant made no mention of this. He also testified that he was elsewhere at the time of the robbery. Three witnesses corroborated this testimony.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Wallace, Langley, Barwick & Llewellyn, for the defendant-appellant.*

BROCK, Chief Judge.

[1] Defendant's first assignment of error challenges the in-court identification of defendant by the prosecuting witness: Was the identification tainted by an impermissively suggestive pretrial photographic identification procedure? Each case must be considered on its own facts, and the findings of fact and conclusions of law drawn from the *voir dire* examination must be upheld if they are supported by competent evidence.

Before Mrs. Casey was allowed to identify defendant as her assailant, a *voir dire* examination was conducted. In her testimony Mrs. Casey repeatedly described the defendant as her assailant. She stated that she "concentrated on what he looked like" because "whenever [she] saw him again, [she] wanted to know what he looked like." She described defendant as being

" . . . about 5' 11". He weighed about 145 pounds. He was very slim, had on a white tee-shirt and yellow pants and

green hat and sunglasses. He had a very short haircut, no sideburns. He had a mustache. It was very light. The complexion of his skin was about medium and he appeared to be between 20 and 24 years old."

On the day after the robbery, six photographs were brought to her. None resembled the defendant. Five weeks later, on 13 August 1974, Mrs. Casey was notified that a man fitting the description of her assailant had been apprehended. Mrs. Casey went to the Kinston Police Department where she viewed a group of nine photographs. She identified defendant's photograph as being among the nine. On the front of the defendant's photograph the date 13 August 1974 was written. None of the other photographs were dated in this manner.

The defendant complains that prejudicial error appears not only from the "meager" description of the assailant, the lack of opportunity to observe the assailant, and the length of time between the robbery and identification, but also from the identification of defendant from a photograph bearing the date 13 August 1974.

The trial court found that during the robbery Mrs. Casey had ample opportunity to observe her assailant. After weighing the evidence, the court concluded that the in-court identification of defendant was based on Mrs. Casey's observations at the time of the offense and was not the result of the photographic identification procedures. Evidence of the photographic procedure was not offered in evidence before the jury.

Whether an identification has an independent origin or is based on illegal procedures is an issue to be decided by a trial court on a *voir dire* examination. *State v. Accor* and *State v. Moore,* 281 N.C. 287, 188 S.E. 2d 332 (1972). Its findings and conclusions drawn therefrom are binding if supported by evidence. *Id.* at 291, 188 S.E. 2d at 335. While we disapprove of marking a photograph in such a manner as to make it stand out from others with which it is viewed, there was competent evidence which supported the trial court's determination that the in-court identification was of independent origin. This assignment of error is overruled.

[2] The final argument raised by defendant deals with the failure of the court to award a mistrial when the district attorney, in his jury argument, made reference to matters which had

not been introduced into evidence before the jury. The remarks of the district attorney have not been reproduced in the record. However, the court did make the following statement:

> "Ladies and gentlemen of the jury, there has been an objection to the argument of the Solicitor for the State. I'll sustain that objection and I instruct the jury that it must disregard any statements or arguments of the Solicitor with respect to the photographs. You will not consider such argument in determining your verdict."

The argument of counsel is left largely to the discretion and control of the trial court, and in this instance the court gave an immediate curative instruction. This assignment of error is overruled.

In our opinion defendant had a fair trial. No prejudicial error has been shown.

No error.

Judges PARKER and ARNOLD concur.