STATE OF NORTH CAROLINA v. DAVID O'HARA DAVIS

No. 7610SC324

(Filed 6 October 1976)

Criminal Law § 66— in-court identification of defendant — no taint from pretrial photographic identification

 Evidence was sufficient to support the findings and conclusion of the trial court that an in-court identification of defendant by the armed robbery victim was not tainted by an impermissively suggestive pretrial photographic identification procedure.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 18 November 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 31 August 1976.

Defendant was indicted for armed robbery. Before pleading not guilty defendant moved to suppress identification testimony of the alleged victim. Motion was denied.

Evidence at trial tended to show that on the night of 29 July 1975 defendant and two others robbed a Little General Store in Raleigh where Mrs. Stella Morgan was working as cashier. Defendant testified that at the time of the robbery he was returning from Goldsboro, where he had purchased heroin, to Raleigh.

From a jury verdict of guilty of armed robbery and a thirty year prison sentence defendant appealed.

*Attorney General Edmisten, by Associate Attorney James E. Scarbrough, for the State.*

*Sanford, Cannon, Adams & McCullough, by Daniel T. Blue, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant argues that the court erred in denying his motion to suppress Mrs. Morgan's identification testimony. The question presented is whether the identification was tainted by an impermissively suggestive pretrial photographic identification procedure. Each case has to stand on its own facts, and conclusions of law drawn from the *voir dire* examination are to be upheld where supported by competent evidence. *State v. Smith,* 25 N.C. App. 595, 214 S.E. 2d 200 (1975).

Testimony on *voir dire* tended to show that three weeks following the robbery Detective Beasley was investigating defendant's possible involvement in other robberies unrelated to the robbery in question. Detective Beasley showed defendant's picture to Mrs. Morgan, and across the bottom of the picture was written "armed robbery." The detective testified that at the time he visited the Little General Store he did not know that Mrs. Morgan was the employee who had been robbed, and he did not suspect defendant of the Little General robbery. Mrs. Morgan was asked if she had ever seen the man in the photograph in the vicinity, and she replied yes, he was the man who robbed her.

Mrs. Morgan was later shown a group of photographs, including defendant's, and she selected defendant's picture from among the others. Thereafter she identified defendant in a lineup with six other men of the same race and of similar weight and height. She also identified defendant at a second lineup.

Defendant complains that the original photographic identification was impermissibly suggestive and tainted the subsequent identifications.

On *voir dire* Mrs. Morgan testified that defendant had entered the store previously on the same night of the robbery, and that during the robbery she had a good opportunity to see defendant's face in good light and at close range as he pulled a stocking over his head, and that her identification was based on her recollection of the robbery.

After weighing the evidence the trial court concluded that the identification by Mrs. Morgan based on the original photograph shown her was spontaneous and not tainted by impermissible suggestion. The court also concluded that Mrs. Morgan's identification of defendant in the lineup was based in part on her having seen defendant in the original picture and in the group of pictures shown her, and that the validity of the identification of defendant was a question for the jury.

The Supreme Court of the United States has indicated that "each case must be considered on its own facts, and . . . convictions based on eyewitness identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States,* 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed. 2d 1247, 1253 (1968).

In this case a *voir dire* was properly held to determine whether the identification procedure was impermissibly suggestive, and the court made findings of fact to support its conclusion that the initial identification was not impermissibly suggestive. We hold that the findings are plainly supported by the evidence and thus conclusive and binding on this Court. *State v. Whitehead,* 25 N.C. App. 592, 214 S.E. 2d 316 (1975).

Appellant assigns other errors which we have carefully reviewed. It is our opinion that he received a fair trial free of prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.