STATE OF NORTH CAROLINA v. HUGH BEAM JONES.

(Filed 22 November, 1967.)

**Burglary and Unlawful Breakings § 6—**

In a prosecution under an indictment charging a felonious breaking and entering, an instruction to the effect that the breaking of a store window, with the intent to commit a felony, completes the offense even though the building is not actually entered, *held* without error. G.S. 14-54.

APPEAL by defendant from *Johnson, J.*, at the Regular September 1966 Mixed Session of PERSON.

By an indictment proper in form the defendant was charged with the offense of breaking and entering the store of W. L. Barton with intent to steal on 7 February 1966. The jury found him guilty as charged and he was sentenced to confinement in the State's Prison for a term of five to seven years.

The State introduced evidence tending to show: On the evening of 7 February 1966, a large plate glass window in the front of the W. L. Barton store was broken out. In the early part of that same evening, the defendant was driven to the vicinity of the Barton store by Willie Peppers in the latter's automobile. The defendant told Peppers he was going to collect some money owed to him, and if the man who owed it did not pay him, he was going to steal some shotguns. Peppers stopped the car 500 yards from the store and waited for the defendant. He heard gun shots and saw three men shooting. He started his automobile and drove away but then turned back, found the defendant, and picked him up. The defendant then told Peppers he had broken a glass at Barton's store and "a man tried to draw his picture up beside the barn with a shotgun." The sheriff of the county had a subsequent conversation with Peppers which approximately corroborated Peppers' statement.

The defendant testified denying his guilt and asserting that on the night in question he was at home and not in Person County. He testified that he knew of no reason for Peppers to tell a lie on him except that on one occasion he had stolen some dope pills from Peppers just because he wanted one and Peppers would not give it to him.

The only exception appearing in the record, and the defendant's only assignment of error, is to the following portion of the charge by the court to the jury:

"Now, you have heard all your life of the offense of breaking and entering. I call your attention to the fact that our statute does not require both the breaking and entering before one can be found guilty of violating this statute. It is a viola-

tion of the statute to either break or enter if such, of course, is done with a felonious intent and under the circumstances I have outlined to you as the various degrees of the offense. So, members of the jury, in this case the fact that the State's evidence establishes that nobody entered this building; and further establishes that nothing was taken from the building would not of itself entitle the defendant to acquittal. In other words, if the State has satisfied you from the evidence and beyond a reasonable doubt that this defendant actually broke the glass out of this store building on the night in question; that he did so wrongfully and unlawfully, that is without any right, without any permission of the owner or anyone acting on behalf of the owner who had the authority to give it; if the State has also satisfied you from the evidence and beyond a reasonable doubt that the defendant broke this glass out with the felonious intent to take and steal and carry away some of the goods and merchandise situate in that building, and convert same to his own use; and if the State has also satisfied you from the evidence and beyond a reasonable doubt that at the very time he broke the window out, if you find that he did, that there were articles of merchandise, property of value, situate within said store building, then he would be guilty of a felony as charged in the Bill of Indictment and it would be your duty to so find."

*Attorney General Bruton, Assistant Attorney General Goodwyn and Assistant Attorney General Rich for the State.*
*Ramsey, Long & Jackson for defendant appellant.*

PER CURIAM. The portion of the charge to which exception is taken is a correct statement of law and is free from error. The pertinent language of G.S. 14-54 is, "If any person, with intent to commit a felony or other infamous crime therein, shall break *or* enter * * * any storehouse, shop * * * or other building where any merchandise * * * or other personal property shall be * * * he shall be guilty of a felony * * *" (Emphasis added.) The breaking of the store window, with the requisite intent to commit a felony therein, completes the offense even though the defendant is interrupted or otherwise abandons his purpose without actually entering the building. *State v. Nichols*, 268 N.C. 152, 150 S.E. 2d 21; *State v. Smith*, 266 N.C. 747, 147 S.E. 2d 165. Although there is no exception to any other portion of the charge, we have considered it in its entirety. It contains a detailed summary of the evidence and of the contentions of the State and of the defendant,

to which no objection was entered, and with which defendant advised the trial court that he was content. The charge contains a full and accurate statement of the rules of law applicable to such evidence and contentions and to the offense with which the defendant was charged.

No error.