STATE OF NORTH CAROLINA v. LEWIS CLARK PITTMAN

No. 7218SC204

(Filed 24 May 1972)

1. Burglary and Unlawful Breakings § 6— indictment charging breaking and entering — instructions on breaking or entering
     In a prosecution under an indictment charging that defendant feloniously broke *and* entered a building, the trial court did not err in instructing the jury that it should return a verdict of guilty if it was satisfied beyond a reasonable doubt that defendant broke *or* entered the premises.

2. Burglary and Unlawful Breakings § 5— breaking and entering — sufficiency of evidence
     State's evidence, including testimony that defendant's fingerprints were found on pieces of broken glass at the crime scene, *held* sufficient to be submitted to the jury in a prosecution for breaking and entering of an automobile supply store.

3. Criminal Law § 168— recapitulation of evidence — immaterial variance
     In this prosecution for breaking and entering and larceny, a statement by the court in recapitulating the evidence that a witness testified that he observed a hacksaw that had been used to saw a lock in two, when the witness actually testified that he "assumed" the lock had been sawed in two with a hacksaw he observed, *held* an immaterial variance which could not have affected the result of the trial.

APPEAL by defendant from *Seay, Judge,* 11 October 1971 Session of Superior Court held in GUILFORD County.

This appeal is from a third trial of defendant on the same charges of felonious breaking or entering and felonious larceny. On appeal from the first trial error was found in the admission of evidence by the State of defendant's participation in an unrelated criminal offense. *State v. Pittman,* 10 N.C. App. 508, 179 S.E. 2d 198. On appeal from the second trial error was found in the judge's instructions to the jury. *State v. Pittman,* 12 N.C. App. 401, 183 S.E. 2d 307.

The State's evidence at the third trial was substantially the same as at the first two trials. It tended to show the following:

The Western Auto Supply Company store, located at 300 North Elm Street, Greensboro, North Carolina, was closed and locked by its manager at approximately 7:00 p.m., 6 August 1970. When the manager returned at approximately 8:30 a.m., 7 August 1970, he discovered the store had been broken into and entered. A glass, approximately 22 by 32 inches, in the service bay door nearest the retail part of the store had been broken; the locked access door between the retail department and service department of the store had been broken; and the lock on the rear exit door had been sawed off and a bar covering this door removed. The bar and a hacksaw were near the rear exit door. An inventory disclosed that ten television sets, a phonograph, three automobile tape players, and a tape recorder were missing, at a total value of $1277.47. No one had been authorized to enter the building to take this property. The defendant's fingerprints were found on pieces of broken glass at the service bay door. There were several drops of blood near the service bay door and a small amount of blood on the door leading from the service area to the retail store. The defendant had a small cut on his right thumb covered with a bandage on 9 August 1970 at the time of his arrest.

The defendant offered no evidence.

*Attorney General Morgan, by Assistant Attorney General O'Connell, for the State.*

*Eighteenth District Assistant Public Defender Shepherd for defendant.*

BROCK, Judge.

[1]   Defendant assigns as error that the trial judge instructed the jury that it should return a verdict of guilty on the first count in the bill of indictment if it was satisfied beyond a reasonable doubt that defendant broke or entered the premises. It is defendant's argument that this instruction is error because the bill of indictment charges that defendant broke and entered, and therefore the State has the burden of proving both breaking and entering.

It seems that the public defender is seeking to resurrect an argument which was laid to rest in *State v. Jones*, 272 N.C. 108, 157 S.E. 2d 610. This assignment of error is without merit and is overruled.

[2]   Defendant next assigns as error that the trial court denied his motions for nonsuit. The sufficiency of the State's evidence has twice been ruled upon. *State v. Pittman, supra,* and *State v. Pittman, supra.* We again hold that the State's evidence was sufficient to require submission of the case to the jury. This assignment of error is without merit and is overruled.

[3]   Defendant assigns as error that in its instructions to the jury the trial court assumed a fact not in evidence. In recapitulating the testimony of the manager of the Western Auto Supply Company store, the trial judge, *inter alia,* stated: ". . . he observed the receiving door at the rear of the premises and the hacksaw that had been used to saw a lock on it in two; and that the bar securing the door had been removed. . . ." Defendant argues that the store manager did not testify that the hacksaw had been used to saw the lock. In the manager's testimony we find the following: "The lock had been sawed in two with a hacksaw, I assume, anyway the hacksaw was lying there nearby." It is true that the trial judge failed to recapitulate that it was assumed that the hacksaw had been used to saw the lock, but this is immaterial. The important fact was that the lock had been sawed in two with something.

If the charge as a whole summarizes the evidence fairly and presents the law fairly to the jury, an isolated, insubstantial, technical variation which could not have affected the result will not be held prejudicial. *State v. McWilliams,* 277 N.C.

680, 178 S.E. 2d 476. This assignment of error is without merit and is overruled.

Defendant's remaining assignments of error are formal, and, in view of what has heretofore been said, are overruled.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.