State v. Lassiter

_____

STATE OF NORTH CAROLINA v. ALLEN VENELL LASSITER

No. 7214SC474

(Filed 12 July 1972)

**1. Burglary and Unlawful Breakings § 2— felonious entry — breaking**

A breaking is not an essential element of the offense of felonious entry of a building with intent to commit larceny therein. G.S. 14-54(a).

**2. Criminal Law § 76— in-custody statement — determination of admissibility**

Trial court's determination that defendant's in-custody statement to a detective was intelligently and voluntarily made without threats or promises being made to defendant was supported by the State's evidence presented on *voir dire* tending to show that the detective advised defendant of his constitutional rights, that defendant stated to the detective that he understood his rights, and that defendant signed a written waiver of his rights.

**3. Criminal Law § 76— in-custody statement — voir dire — conflict in evidence**

It was up to the trial judge to resolve the conflict in the evidence as to whether defendant read the complete written waiver of his rights before he signed it.

State v. Lassiter

**4. Criminal Law § 122— additional instructions after retirement of jury**

When the jury returned after deliberating less than an hour and announced that it had not agreed on a unanimous decision, the trial court did not err in directing the jury to deliberate further and in giving the jury instructions relating to its duty to make a diligent effort to arrive at a verdict.

APPEAL by defendant from *Cooper, Judge,* 24 January 1972 Session of Superior Court held in DURHAM County.

Defendant was charged in a bill of indictment, proper in form, with the felonious entry of a building with the intent to commit larceny therein. He entered a plea of not guilty and the jury returned a verdict of guilty. Judgment was entered upon the verdict imposing an active prison sentence and defendant appealed.

*Attorney General Morgan by Assistant Attorney General Satisky for the State.*

*Felix B. Clayton for defendant appellant.*

GRAHAM, Judge.

Defendant assigns as error the overruling of his motion for nonsuit made at the close of the State's evidence and renewed at the close of all of the evidence. This assignment of error is overruled.

The State's evidence tends to show the following: On 18 November 1971, Ernest Gann, an officer of Gann Industrial Suppliers Co., Inc., went to inspect an old building owned by the company and located on South Alston Avenue in Durham. The building, which is used as a storage facility, contained old but valuable knitting machines and dyeing equipment. Most of the machines have parts made of brass or copper. When Gann arrived at the building he heard banging noises coming from the basement. He located a police officer and the two men entered the building together. They found defendant and another man in the basement of the building. Defendant had tools in his hands and the men "were working on trying to get two pieces of brass apart." Neither defendant nor his companion had permission to enter the building. Defendant later admitted in a statement to a police detective that he had entered the building to "steal" brass fittings which he intended to sell at a junkyard.

State v. Lassiter

[1]  The State's evidence indicated that no breaking was necessary for defendant to gain entry to the building. The building's doors and windows were out and in past years it had been subject to a great deal of vandalism and pilfering. However, a breaking is not a necessary element of the offense charged here. G.S. 14-54(a) provides that any person who breaks or *enters* any building with intent to commit any felony or larceny is guilty of a felony. The offense defined in this section is complete, all other elements being present, if there was an entry with felonious intent. *State v. Vines,* 262 N.C. 747, 138 S.E. 2d 630; *State v. Bronson,* 10 N.C. App. 638, 179 S.E. 2d 823.

[2]  Defendant contends the court erred in allowing in evidence an in-custody statement made by defendant to a Durham detective. When defendant objected to testimony about the statement, the court ordered a voir dire hearing. At the conclusion of this hearing, the court made full findings of fact and concluded that the statement was intelligently and voluntarily made without threats or promises being made to defendant.

"It is well established in North Carolina that findings of fact made by the trial judge and conclusions drawn therefrom on the voir dire examination are binding on the appellate courts if supported by evidence." *State v. Accor* and *State v. Moore,* 281 N.C. 287, 291, 188 S.E. 2d 332, 335. Evidence presented by the State on voir dire tended to show that defendant was fully advised by the detective as to his constitutional rights; that defendant stated to the detective that he understood his rights; and that defendant then signed a paper writing stating in part, "I have read the statement of my rights shown above. I understand what my rights are. I am willing to answer questions and make a statement. I do not want a lawyer. I understand and know what I am doing. I am not under the influence of drugs, alcohol, or any other pills. No promises or threats have been made to me, and no pressure of any kind has been used against me by any officer or any other person." The sufficiency of this evidence to support the court's findings and conclusions is beyond question.

[3]  Defendant argues that the court should have found from his testimony on voir dire that he did not read the complete written waiver of his rights before he signed it. There was other evidence to the contrary. Therefore, it was up to the trial judge to resolve the conflict. *State v. Smith,* 278 N.C. 36, 178 S.E.

2d 597, *cert. denied,* 403 U.S. 934, 29 L.Ed. 2d 715, 91 S.Ct. 2266 (1971).

Through his third and fourth assignments of error defendant contends the court erroneously allowed the solicitor to ask certain questions on cross-examination. We have carefully examined each of the questions subject to exception and conclude that all were well within the bounds of legitimate cross-examination.

[4]   Defendant's final contention is that the court should have ordered a mistrial when the jury returned after deliberating less than an hour and announced that they had not agreed on a "unanimous decision." The court directed the jury to deliberate further and gave appropriate instructions relating to their duty to make a diligent effort to arrive at a verdict. Nothing in the court's language tends in any way to coerce the jury to arrive at a verdict or to intimate any opinion of the court as to what the verdict should be. We find no merit in this assignment of error. *State v. Brown,* 280 N.C. 588, 187 S.E. 2d 85.

No  error.

Judges MORRIS and VAUGHN concur.