State v. Curry

STATE OF NORTH CAROLINA v. ROGER DALE CURRY

No. 7422SC1000

(Filed 5 March 1975)

**Larceny § 7— guilt as aider and abettor**

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of felonious larceny as an aider and abettor where it tended to show that defendant rode in a truck with two others to the scene of a break-in, that defendant "went up and down the road" while his companions broke into a house and stole items therefrom, that defendant helped unload the stolen items, that defendant broke open a steel box stolen from the house, and that defendant sold a television stolen from the house.

ON writ of *certiorari* to review proceedings before *Wood, Judge.* Judgment entered 6 June 1974 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 17 February 1975.

Defendant was charged in a bill of indictment with felonious breaking and entering and felonious larceny. He pleaded not guilty.

The evidence, taken in the light most favorable to the State, tended to show that Larry Hamilton and Floyd "Wild-man" Francis broke into the house of Robert Ketchie on 5 November 1973. Items valued at $2,200.00 were stolen. The evidence tended to show that defendant rode to the scene of the break-in in a truck with Hamilton and Francis and that defendant "went up and down the road" while the break-in occurred. After defendant had been apprehended, he signed a waiver of rights and made a statement in which he denied entering the house but admitted selling a color TV, one of the items stolen from Ketchie's house. He also admitted helping unload the goods at Hamilton's trailer.

Defendant's evidence consisted of the testimony of Hamilton and Francis. They testified that defendant did not participate in the break-in. Although Hamilton earlier had implicated defendant, he maintained that he had done this out of spite because he then believed defendant had told on him and Francis.

Mrs. Jacqueline Hamilton, co-defendant Larry Hamilton's wife, testified for the State in rebuttal. She stated that defendant not only helped unload the stolen items at her trailer, but also broke open a steel box containing items that did not belong to him. The box was among the items stolen from the Ketchie house.

The jury found defendant guilty of felonious larceny, and a prison sentence was imposed. Defendant appeals.

*Attorney General Edmisten, by Associate Attorney Robert R. Reilly, for the State.*

*Larry L. Eubanks and Larry G. Reavis, for the defendant-appellant.*

BROCK, Chief Judge.

Defendant argues that it was error to deny his motion for nonsuit. He contends there was insufficient evidence to support a verdict of guilty of felonious larceny because the evidence does not show that defendant actually entered the house or actually removed the stolen items from the house. This argument seems to miss the main point in the State's case. The case was tried and submitted to the jury on the theory that defendant aided and abetted in the felonious breaking and the felonious larceny. The evidence is ample to support a verdict of guilty of felonious larceny on this theory.

Defendant argues that he was entitled to a mistrial because of prejudicial error in the reception of evidence. Defendant's motion to strike the objectionable testimony was allowed, and the jury was specifically instructed to disregard it. This prompt action by the trial judge cured the error if error, in fact, existed.

Our review of the record discloses no prejudicial error.

No error.

Judges VAUGHN and MARTIN concur.