STATE OF NORTH CAROLINA v. ROBERT BARNETT

No. 7927SC13

(Filed 1 May 1979)

1. **Burglary and Unlawful Breakings § 4— usual practice of locking doors—relevancy of evidence—no prejudice**

    In view of the uncontradicted evidence in a felonious breaking or entering case that defendant entered the victim's dwelling without permission, the admission of evidence as to the "usual practice" of the victim with regard to locking his home at night, even if not relevant, was certainly not prejudicial to defendant.

2. **Criminal Law §§ 73.2, 85— defendant's nickname—no hearsay—no improper character evidence**

    In a prosecution for felonious breaking or entering, testimony by a victim that he knew defendant by the nickname, Spook, was not inadmissible because it was hearsay or because it tended to impeach defendant's character when his character was not at issue, since the name a person is called is a fact, not hearsay, and since the testimony was relevant to show the witness's acquaintance and familiarity with defendant and was therefore not inadmissible even if it did incidentally reflect upon character.

APPEAL by defendant from *Gaines, Judge.* Judgment entered 14 September 1978 in Superior Court, GASTON County. Heard in the Court of Appeals 24 April 1979.

Defendant was tried on his plea of not guilty to the charge contained in a bill of indictment, proper in form, that he feloniously broke and entered the dwelling of James Clyde Stewart with the intent to commit the felony of larceny therein. The State presented evidence to show that at approximately 6:30 a.m. on 25 May 1978 James Stewart was awakened by a noise in his bedroom. His pants were lying on a table beside his bed, and he heard the change in them rattle. On turning on the light he saw the defendant, with whom he was already acquainted, standing in his room. A fight ensued, in the course of which Stewart forced defendant out of his house. Both James Stewart and his brother, Clyde Stewart, the only occupants of the house, testified that defendant had not been given permission to come into their home. There was evidence that the back screen door had been cut and that a piece of plywood approximately two feet wide and four feet high, which had been nailed to the rear door over the place where the window was broken out, had been pushed off.

The defendant did not introduce evidence. The jury found him guilty of felonious breaking or entering. From judgment on the verdict sentencing defendant to prison for a term of not less than three nor more than five years, defendant appealed.

*Attorney General Edmisten by Associate Attorney T. Michael Todd for the State.*

*Richard B. Schultz, Assistant Public Defender, for defendant appellant.*

PARKER, Judge.

[1] Defendant first assigns error to the court's overruling his objection to the district attorney's question directed to the State's witness, James Stewart, as to whether it was Stewart's "usual practice to go about locking the house" before going to bed. Defendant contends this was error because the witness had just previously testified that he had no recollection concerning locking his house before going to bed on the night of 24 May 1978. Defendant argues that in view of this testimony, whatever Stewart's

"usual practice" may have been, it could not have been relevant in this case. We find no prejudicial error. Although evidence concerning the witness's usual practice with respect to locking his home may not have been relevant in this case, its admission could hardly have been prejudicial. Defendant was charged with a violation of G.S. 14-54(a) which provides that "[a]ny person who breaks *or* enters any building with intent to commit any felony or larceny therein is guilty of a felony." (Emphasis added.) To convict of violating the statute, it is sufficient if the State's evidence shows either a breaking or an entering; it need not show both. *State v. Jones*, 272 N.C. 108, 157 S.E. 2d 610 (1967); *State v. Lassiter*, 15 N.C. App. 265, 189 S.E. 2d 798 *cert. denied* 281 N.C. 761, 191 S.E. 2d 358 (1972); *State v. Pittman*, 14 N.C. App. 588, 188 S.E. 2d 694 (1972). In view of the uncontradicted evidence that defendant entered the Stewart dwelling without permission, the admission of evidence as to the "usual practice" of James Stewart with regard to locking his home at night, even if not relevant, was certainly not prejudicial to the defendant. Defendant's first assignment of error is overruled.

[2] Defendant's second assignment of error is directed to the court's action in overruling his objection to an answer given by the same witness, James Stewart, on direct examination. After the witness testified he had known the defendant for "probably several years," the district attorney asked,

    Q. And what did you know his name to be?

to which the witness replied:

    A. All they call them (sic) was "Spook." That's all I knowed
       for a long time.

At that point defense counsel interposed an objection, which was overruled. Exception to this ruling is the basis of defendant's second assignment of error. He contends that the witness's answer was objectionable both because it was hearsay and because it tended to impeach defendant's character when his character was not at issue. We find no error.

    At the outset we note that defendant made no motion to strike the witness's answer. Where, as here, inadmissibility is not indicated by the question but only becomes apparent by some feature of the answer, "the objection should be made as soon as

the inadmissibility becomes known, and should be in the form of a motion to strike out the answer or the objectionable part of it." 1 Stansbury's N.C. Evidence (Brandis Revision) § 27, p. 70. Although defendant here failed to make his objection in the proper form, for purposes of this appeal we will treat it as having been a motion to strike. So treated, we find no error in the court's ruling. The testimony to which defendant objected was not hearsay. The name a person is called is a fact, and in this case the witness was testifying to such a fact within his own knowledge.

Nor was the testimony inadmissible on the grounds that it showed defendant's bad character when his character was not at issue. If it be granted that the nickname "Spook" may, under certain circumstances, be not altogether complimentary, nevertheless the testimony was admissible since it was relevant to show the witness's acquaintance and familiarity with the defendant. Where evidence is relevant for some purpose other than proving character, it is not inadmissible because it incidentally reflects upon character. *State v. Penley*, 6 N.C. App. 455, 170 S.E. 2d 632 (1969); 1 Stansbury's N.C. Evidence (Brandis Revision) §§ 79, 80, 91, 104.

We have carefully examined all of defendant's remaining assignments of error which have been brought forward in defendant's brief and find no error. There was ample evidence to require submission of the case to the jury; such discrepancies as existed in the State's evidence were for the jury to resolve; and the defendant's motion to dismiss was properly denied. Defendant's motion to set the verdict aside was addressed to the discretion of the trial court, *State v. Vick*, 287 N.C. 37, 213 S.E. 2d 335 (1975), and no abuse of discretion has been shown.

No error.

Judges MITCHELL and MARTIN (Harry C.), concur.