STATE OF NORTH CAROLINA v. WILLIAM HOWARD YARBOROUGH

STATE OF NORTH CAROLINA v. ROBERT FLEMING

STATE OF NORTH CAROLINA v. DAVID HUFF

No. 819SC452

(Filed 1 December 1981)

1. **Riot and Inciting to Riot § 2.1— sufficiency of the evidence**

The evidence was sufficient to convict defendants of rioting where it tended to show that the defendants came into the prosecuting witness's yard carrying large sticks; that the prosecuting witness, her children and her friends

retreated into the house; that the defendants followed and tore the screen door; that a crowd of about 12 people had gathered nearby; that the defendants did further damage to her house and her car; and that the crowd eventually grew to about 150 people which was unruly and took the sheriff 35 to 45 minutes to disperse.

**2. Burglary and Unlawful Breakings § 5.5— breaking or entering—sufficiency of the evidence**

The evidence was sufficient to convict three defendants of breaking or entering where one defendant "entered" the house when he reached through the screen and threw a snake into the victim's house and when he was observed inside the house after a riotous crowd was dispersed; a second defendant broke into and entered the house when he cut through the screen with a knife and his "arm came through the door"; and the third defendant was present and participated as an aider and abettor when the first defendant reached through the screen and put the snake in the house and later when the other defendant cut the screen with a knife and put his arm through the door.

**3. Criminal Law § 43.2— admission of photographs—proper foundation**

A proper foundation for the admission of photographs of damage to a riot victim's house was made where the witnesses who took the photographs all testified about the damage to the house, and they testified that the photographs accurately and fairly portrayed the scene as they saw it following the riot.

APPEAL by defendants from *McKinnon, Judge.* Judgments entered 17 October 1980, in Superior Court, VANCE County. Heard in the Court of Appeals 19 October 1981.

These cases were consolidated for trial and for appeal. Each defendant was convicted of felonious breaking or entering and felonious rioting. Defendant William Howard Yarborough was given a two to five year active sentence. Defendants Robert Fleming and David Huff were each given five-year sentences, but four and one-half years were suspended.

*Attorney General Edmisten, by Assistant Attorney General R. Darrell Hancock, for the State.*

*Perry, Kittrell, Blackburn & Blackburn, by Charles F. Blackburn for defendant Yarborough, George T. Blackburn, II, for defendant Fleming, and Bennett H. Perry, Jr., for defendant Huff.*

BECTON, Judge.

In this case, we must determine (1) if the evidence was sufficient to support the convictions of rioting and breaking or enter-

ing and (2) if a sufficient foundation was laid for the introduction of photographs showing extensive damage to the prosecuting witness' house.

I

[1] The evidence concerning the rioting and breaking or entering charges follows. On the evening of 6 June 1980, the prosecuting witness, Pamela Neal, was in her yard with her two children and two friends. The defendants came into Ms. Neal's yard carrying sticks which were three feet long and two to four inches thick. Additionally, the defendant Huff was holding a long snake in his hand. When Huff said to one of Ms. Neal's friends, "Nigger, do you want this snake?", Ms. Neal, her children and her friends retreated into the house. The defendants followed. When they reached the porch, Huff reached through a tear in the screen door and threw the snake into the house. The snake landed at the feet of Ms. Neal's children. At that time, Ms. Neal noticed that a crowd of about twelve people had gathered nearby and had begun to call her names. Ms. Neal specifically testified:

> After this I shut the back door and locked it. I then walked through the house to the front door, and looked out and recognized William Yarborough, Robert Fleming and David Huff. William Yarborough had a knife in his hand and said "I'm going to kill you, you nigger loving bitch." *He swung the knife and cut through the screen. I jumped back and his arm came through the door.* Mr. Huff and Mr. Fleming were on the front porch at this time. The knife which Yarborough had is what is known as a hawk-billed knife. After this I stepped back and slammed the door and locked it.

> At the time the only persons I saw on my front porch were David Huff, William Yarborough and Robert Fleming. As soon as I slammed the door, the front windows of my house were broken out. The window in the front door was broken and there were two other windows on the front of the house. Danny Newton went out and got in my car to try to get some help. I head [sic] glass breaking and I looked out of the window and observed David Huff and Robert Fleming. They were breaking the windows in my 1971 Dodge. They had big sticks.

Danny jumped out of the car and William Yarborough chased him across the street with his knife and said "Well I reckon you're a God damn nigger lover too."

In response to telephone calls, Deputy Sheriff Cordell and Cora Champion (Ms. Neal's mother) went to Ms. Neal's house. Deputy Cordell testified that when he arrived he saw Huff and Fleming in a crowd of approximately fifty people, holding "sticks or iron pipes approximately two to four feet long." Deputy Cordell stayed at the scene for about twenty minutes and left. Cora Champion testified that when she arrived at the scene, Yarborough approached her with an open knife and threatened to kill her daughter, Ms. Neal.

Later, and after Ms. Neal and Mrs. Champion had gone by the magistrate's office, Deputy Cordell returned to Ms. Neal's residence. He testified: "When I came back at this time, I saw that more windows had been broken out at the house. Items of furniture were thrown about the yard. Stuff in the kitchen and stuff out of the refrigerator had been thrown across the floor." The crowd had grown to approximately 150. According to Deputy Cordell, Huff and Fleming made statements "to the effect that they were going to get rid of that nigger loving whore." The crowd was unruly, and Deputy Cordell radioed for assistance. It took thirty-five to forty-five minutes to disperse the crowd. Deputy Cordell then left the scene to go to talk with the Sheriff. When Deputy Cordell returned to the scene for the third time, he found another large crowd in the street in front of the Neal residence. On this occasion, it took at least an hour to get the crowd to disperse. By this time, all of the windows in the house were broken, as well as the rear and side windows in the car. There were large dents in the car. Chunks of wood had been gouged from the furniture. The curtains, sheets, and one mattress had been ripped apart.

Later that night, Ms. Neal rode by the house and saw that the front door was open and that Huff was standing inside the house. Ms. Neal estimated that $2,000.00 worth of damage had been done to her house and furnishings.

On the basis of this evidence, we summarily reject defendants' argument that there was insufficient evidence to support a conviction of rioting. G.S. 14-288.2 defines "riot" as

a public disturbance involving an assemblage of three or more persons which by disorderly and violent conduct, or the imminent threat of disorderly and violent conduct, results in injury or damage to persons or property or creates a clear and present danger of injury or damage to persons or property.

*See State v. Riddle*, 45 N.C. App. 34, 262 S.E. 2d 322, *appeal dismissed*, 300 N.C. 201, 269 S.E. 2d 627 (1980). The evidence we have reviewed places each of the defendants at the scene of a public disturbance and connects each of them with acts of destruction of property. The three defendants were clearly involved in disorderly and violent conduct, and we affirm their conviction of rioting.

[2] Defendants' assignment of error that the evidence was insufficient to convict them of breaking or entering is also totally without merit. Huff "entered" the house when he reached through the screen and threw the snake into the house. *Compare State v. Jones*, 272 N.C. 108, 157 S.E. 2d 610 (1967) (breaking of store window held sufficient to constitute a breaking or entering). Huff also broke into or entered the house after the crowd was dispersed. Ms. Neal observed him inside the house as she drove by. Yarborough also broke into and entered the house when he cut through the screen with a knife and his "arm came through the door." Fleming was present and participated as an aider and abettor when Huff reached through the screen and put the snake in the house and later when Yarborough cut the screen with a knife and put his arm through the door. *See State v. Robinette*, 33 N.C. App. 42, 234 S.E. 2d 28 (1977) *and State v. Curry*, 25 N.C. App. 101, 212 S.E. 2d 509 (1975). With regard to the intent element of the felonious breaking or entering offense, Yarborough stated, "I'm gonna kill you, you nigger loving bitch," at the time he swung the knife at Ms. Neal. This is sufficient to show an intent to commit the felony of assault with a deadly weapon with intent to kill. The evidence shows that the defendants either feloniously broke into or entered Ms. Neal's house or aided and abetted each other in the felonious breaking or entering of Ms. Neal's house. We, therefore, affirm the breaking or entering convictions.

[3] The defendants also contend that they are entitled to a new trial because the court erroneously admitted photographs showing the damage to Ms. Neal's house. Defendants contend that no proper foundation was laid for the admissibility of the photographs since no witness could state what, if any, damage each defendant did. We find no error in this assignment. Ms. Neal, Deputy Cordell, and Deputy Jerry Prather, who took the photographs, all testified about the damage to the house. They testified that the photographs accurately and fairly portrayed the scene as they saw it following the riot. We find that the photographs were introduced after a proper foundation had been laid.

For the reasons stated above, the judgments below should be affirmed. We find

No error.

Chief Judge MORRIS and Judge ARNOLD concur.