STATE OF NORTH CAROLINA v. THOMAS WHEELER MYRICK, JR.

No. 68A81

(Filed 2 June 1982)

1. **Burglary and Unlawful Breakings § 5.9— breaking or entering and larceny—sufficiency of evidence**

    The evidence was sufficient under G.S. 14-54(a) to find defendant guilty of felonious breaking of business premises where the evidence tended to show that defendant had helped the owner of the business premises close the store; that several times before leaving the owner had to relock the back door; that the defendant was aware that the day's receipts were hidden under a counter; that the door to the business had been opened from one to two inches, and the bolt had been dislodged from its locked position; and that defendant offered no

explanation for breaking into the grill, nor did he offer evidence that he was acting with the manager's consent.

2. **Burglary and Unlawful Breakings § 6— breaking or entering and larceny instructions proper**

In a prosecution for breaking or entering, the trial court properly instructed the jury concerning the elements of larceny, the element of the intent to commit larceny, what constitutes a breaking, what would constitute an entry, and the trial court properly failed to instruct on an attempted breaking and on what would not be a breaking.

Justice MITCHELL took no part in the consideration or decision of this case.

BEFORE *Judge James C. Davis*, presiding at the 19 September 1979 Criminal Session of DARE Superior Court, defendant was found guilty of felonious breaking. He was sentenced to six to ten years imprisonment. Defendant gave notice of appeal on 21 September 1979 but withdrew that appeal in open court accompanied by counsel. On 2 February 1980 he filed a *pro se* motion for appropriate relief, alleging that he had never been told he had the right to appointed counsel for his appeal. On 14 April 1980 *Judge Wood* appointed counsel to prepare a petition for writ of certiorari to the Court of Appeals. That writ was denied on 24 July 1980, and defendant petitioned this Court for a writ of certiorari. We granted the writ on 2 December 1980, and the case was argued on 15 October 1981.

*Rufus L. Edmisten, Attorney General, by Evelyn M. Coman, Associate Attorney, for the state.*

*Steven D. Michael, attorney for defendant appellant.*

EXUM, Justice.

Defendant challenges the sufficiency of the state's evidence to support his conviction of felonious breaking and the adequacy of the trial court's instructions to the jury. We conclude that the trial court properly denied defendant's motion to dismiss for evidentiary insufficiency and that the jury was adequately instructed.

The state's evidence at trial tended to show the following:

Arthur Glidden managed the Ocean Islands Gas and Grill, Inc. in Kill Devil Hills, North Carolina. On 6 March 1979 defend-

ant was helping Glidden lock up the store at 10 p.m. Although defendant was not at that time working for Glidden, he had done so in the past. Defendant had opened the grill for Glidden that morning because Glidden had taken his mother to the hospital. Glidden put the receipts for the day in a moneybag and placed it under the counter. Glidden locked the back door by pushing the button on the doorknob and by placing a two-by-four brace under the doorknob. He and defendant were the only people in the area. Within the next few minutes Glidden found the door unlocked three times; he re-locked the door each time it was unlocked. When he and defendant left the grill shortly after 10 p.m., the back door was locked and the brace was in place. Glidden locked the front door as they left.

Defendant was staying in a room in Glidden's home at the time, but he did not ride home with Glidden that evening. Glidden went to sleep shortly after reaching home. Defendant awakened him during the early morning hours of 7 March with a request to borrow his car. Defendant said he wanted to get something to eat and that his own car was not functioning correctly. Glidden told him his car keys were in his pants pocket. Also in his pants pocket were a second set of keys to the grill. Sometime later that morning Glidden awoke and found defendant had returned; defendant told Glidden he had gotten something to eat.

Glidden opened the grill about 5:30 a.m. on 7 March. He noticed the back door was ajar approximately one to two inches. A metal rod protruded underneath the door. The two-by-four brace was still in place. Glidden notified the police; he then checked the previous day's receipts and found them to be $80 short. Glidden also stated that after a hearing in district court defendant came by his grill and told him "he was sorry and that he wanted me to know that he had broke into the place and he said he didn't do it to me or against me."

Officer James Gradeless of the Kill Devil Hills Police Department responded to Glidden's call on 7 March. At the grill he noted that the rod inserted under the door was a concrete reinforcement rod about 36 or 40 inches long. It protruded inside the grill approximately 12 to 18 inches. The door had been beaten, which caused indentations in the wood of the door and the doorjamb. The door "was ajar enough so that the bolt [the part of the

lock that extends into the doorjamb] was out of the assembly to the jamb, not much more than that." He found a piece of channel lock pliers about 15 to 18 feet from the door. There were a set of footprints leading from the back door to a set of tire tracks, along which he found another piece of the pliers. An impression made from the footprints was examined by an expert from the State Bureau of Investigation and found to match a pair of defendant's tennis shoes. Expert testimony also indicated that the indentations on the door and doorjamb had been made by a rounded tool such as the pliers. A metallic flake from the pliers was found imbedded in the wood around the door.

Defendant told the investigating officers that he had gone out in Glidden's car to get something to eat and had gotten stuck in sand. He said he used a jack and some pliers to free the car. He had borrowed the pliers from a Pizza Hut and had attempted to borrow other tools from a 7-Eleven. Employees from both businesses testified that defendant had asked to borrow tools between midnight and 2 a.m. on 7 March. Defendant told the police that while attempting to extricate the car he had broken the pliers and had thrown them into some nearby brush in a fit of anger. After he got the car unstuck he returned home and went to bed.

The state offered additional evidence that tended to show that the sandy area where defendant said he had been stuck showed no signs of a vehicle having been there. The Pizza Hut and 7-Eleven were about five miles from where defendant said he had been stuck. That place was about one-fourth to one-half mile from where Glidden lived and about one-fourth mile from the grill. The channel lock pliers were found in a place different from where defendant said he had gotten stuck.

Defendant presented no evidence.

[1] Defendant asserts in his first assignment of error that the evidence of a breaking was insufficient to allow the case to be submitted to the jury. Thus, he contends, the trial court erred in failing to grant his motion to dismiss at the close of all the evidence.

The test of the sufficiency of the evidence in a criminal case is whether there is substantial evidence of all the material

elements of the offense charged and that the defendant was the perpetrator of the offense. *State v. Locklear*, 304 N.C. 534, 538, 284 S.E.2d 500, 502 (1981); *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). As stated in *Powell, id.* at 99, 261 S.E.2d at 117:

> The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.

Defendant concedes that there was sufficient evidence "to identify him as the perpetrator of the crime." He contends, however, that the evidence was insufficient as a matter of law to support a finding that a breaking had occurred because the two-by-four brace was still in place.

General Statute 14-54(a), the statute which defines the offense for which defendant was charged, provides: "Any person who breaks *or* enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." (Emphasis supplied.) Thus, by the disjunctive language of the statute, the state meets its burden by offering substantial evidence that defendant either "broke" or "entered" the building with the requisite unlawful intent. The state need not show both a breaking and an entering. *State v. Jones*, 272 N.C. 108, 157 S.E.2d 610 (1967); *State v. Barnett*, 41 N.C. App. 171, 254 S.E.2d 199 (1979).

In the instant case there is substantial evidence of at least a breaking.[1] The door had been opened from one to two inches, and the bolt had been dislodged from its locked position. "A breaking in the law of burglary constitutes any act of force, however slight, 'employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed.'" *State v. Jolly*, 297 N.C. 121, 127-28, 254 S.E.2d 1, 5-6 (1979) (quoting *State*

---

1. Defendant does not contest the fact that a building, as defined in G.S. 14-54(c), was the object of the breaking.

*v. Wilson,* 289 N.C. 531, 539, 223 S.E. 2d 311, 316 (1976) and 13 Am. Jur. 2d, Burglary § 8 (1964)). Thus, this Court has held that "[t]he breaking of the store window, with the requisite intent to commit a felony therein, completes the offense even though the defendant is interrupted or otherwise abandons his purpose without actually entering the building." *State v. Jones, supra,* 272 N.C. at 109, 157 S.E. 2d at 611. Thus, the dislocation of the door from its locked position was a sufficient breaking even if defendant did not otherwise enter the building.

The state also has offered substantial evidence that defendant possessed the requisite intent to commit larceny, charged by the indictment, when he broke into the grill. His intent "may be inferred from the circumstances surrounding the occurrence." *State v. Thorpe,* 274 N.C. 457, 464, 164 S.E. 2d 171, 176 (1968). Without other explanation for breaking into the building or a showing of the owner's consent, intent may be inferred from the circumstances. *State v. Accor,* 277 N.C. 65, 175 S.E. 2d 583 (1970).

In the instant case the state offered evidence that defendant was aware that the day's receipts were hidden under a counter in the grill. There was evidence that defendant had unlocked the back door to the grill several times while assisting the manager in locking up. Defendant offered no explanation for breaking into the grill, nor did he offer evidence that he was acting with the manager's consent. Thus, there was substantial circumstantial evidence from which the jury could infer that defendant broke into the grill with the intent to commit larceny.

[2] Defendant assigns error to several portions of the trial court's instructions to the jury. First, he asserts that the trial court erred in its charge that "forcing of the door out of its locked position would be a breaking" and that the jury could find him guilty if they found beyond a reasonable doubt that defendant "forced open a locked door" with the intent to commit larceny. These instructions were a correct statement of the law regarding a breaking. *See State v. Jolly, supra,* 297 N.C. at 127-28, 254 S.E. 2d at 5-6.

Second, defendant asserts error in the trial court's explanation of the element of the intent to commit larceny. The court correctly told the jury that in order to find defendant guilty they must find beyond a reasonable doubt "that at the time of the

breaking or entering the defendant intended to commit larceny." *See State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965). It also correctly defined the elements of larceny when it stated, "[L]arceny is the taking and carrying away of the personal property of another, without his consent, and with the intent to deprive him of its possession permanently." *See, e.g., State v. Carswell*, 296 N.C. 101, 249 S.E. 2d 427 (1978). *See also* N.C.P.I.—Crim. 214.30. Thus, this assignment of error is without merit.

Next, defendant argues that the trial court erred by failing to instruct on an attempted breaking. As stated in *State v. Simpson*, 299 N.C. 377, 381, 261 S.E. 2d 661, 663 (1980):

> The trial court is required to submit lesser included degrees of the crime charged in the indictment when and only when there is evidence of guilt of the lesser degrees. *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971); *State v. Carnes*, 279 N.C. 549, 184 S.E. 2d 235 (1971). The presence of such evidence is the determinative factor. *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954). Where all the evidence tends to show that the crime charged in the indictment was committed, and there is no evidence tending to show the commission of a crime of lesser degree, the principle does not apply and it would be erroneous for the court to charge on the unsupported lesser degree. *State v. Griffin*, supra; *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971); *State v. Manning*, 221 N.C. 70, 18 S.E. 2d 821 (1942).

Here all the evidence shows a completed breaking. There is no evidence of an attempt to break. Therefore failure to instruct on attempt to break was not error.

Defendant also asserts that the trial court failed to instruct on what would *not* be a breaking. Since all the evidence shows a completed breaking and there is no version of the evidence which, if believed, would constitute something short of a breaking, this assignment of error has no merit.

Finally, defendant presents several questions regarding the proof and instructions on entering. Specifically, he contends that the evidence offered by the state is insufficient to show an entry and that the trial court erred in its charge on what would constitute an entry, in refusing to instruct on attempted entry, and in failing to instruct on what would not constitute an entry.

The jury specified that it found defendant "[g]uilty of felonious breaking and entering." Under our statute, as already demonstrated, the state need only prove a breaking. We have found that the state offered substantial evidence of felonious breaking, and that the jury was properly instructed. Thus, we do not address defendant's contentions regarding an entry because any error would perforce be harmless.

No error.

Justice MITCHELL took no part in the consideration or decision of this case.