STATE OF NORTH CAROLINA v. EDWARD JAMES O'NEAL

No. 8416SC1311

(Filed 5 November 1985)

1. **Criminal Law § 164— sufficiency of evidence—no motion for dismissal—considered under App. Rule 2**

The sufficiency of the evidence to support charges of felonious breaking or entering and felonious burning of a building was not reviewed pursuant to G.S. 15A-1227(d) and G.S. 15A-1446(d)(5) because defendant failed to preserve any assignments of error for review under the requirements of App. Rule 10(b); the North Carolina Supreme Court has unequivocally stated that the Rules of Appellate Procedure should control where there have been conflicts between subsections of G.S. 15A-1446 and Rule 10. However, the Court of Appeals considered the appeal under Rule 2 of the Rules of Appellate Procedure.

2. **Burglary and Unlawful Breakings § 5.1; Arson § 4.1— breaking or entering and burning—evidence of identity—sufficient**

The evidence of defendant's identity was sufficient in a prosecution for felonious breaking or entering and felonious burning of a medical center where defendant's long relationship with the health director of the center had deteriorated, leading to arguments that involved profane and threatening language by defendant; defendant lived in the general area; defendant was very familiar with the type of smoke grenades used in the building; a smoke grenade was found near defendant in the vehicle he was occupying at the time of his arrest; defendant suffered a cut to his hand around 11 October 1983 and blood of defendant's type was found on the broken glass at the scene of the crime on 11 October 1983; after each smoke grenade incident and during the time the damage was being cleaned, defendant called the director of the center at her office to ask how things were going; and defendant said, "[h]ey, you know I did all this stuff," when the director confronted him.

3. **Burglary and Unlawful Breakings § 6.4— breaking or entering—evidence sufficient**

The evidence was sufficient to convict defendant of breaking or entering with the intent to commit a felony where the evidence clearly showed that a window was broken on each of the three occasions, and that smoke grenades were placed on the windowsill inside the window, a chair just inside the window, and on the floor about one foot from the window. G.S. 14-54(a).

4. **Burglary and Unlawful Breakings § 6.2; Arson and Other Burnings § 4.2— felonious breaking and entering with intent to burn the building — evidence of intent to burn the building insufficient**

There was insufficient evidence to permit the jury to find beyond a reasonable doubt that defendant intended to burn a building at the time he broke or entered it where the evidence showed at best a vicious pattern of conduct with intent to harass a health director who worked in the building, the evidence was substantial and uncontradicted that defendant had twenty and one-half years of extensive military training and experience with the use and effect of smoke grenades, and that the type of smoke grenades used in this case was not a true pyrotechnic in that it did not produce a flame and was not used for incendiary purposes. However, by finding defendant guilty of felonious breaking or entering, the jury necessarily found facts that would support defendant's convictions for non-felonious breaking or entering.

APPEAL by defendant from *Johnson, E. Lynn, Judge.* Judgment entered 5 April 1984 in Superior Court, ROBESON County. Heard in the Court of Appeals 30 August 1985.

Defendant was tried on indictments proper in form charging him with (1) three counts of felonious breaking or entering a building with the intent to commit a felony therein, to wit: the burning of the building, and (2) three counts of felonious burning of a building. At the close of all the evidence, the court dismissed one count of felonious burning of a building. The jury found defendant guilty of the three counts of felonious breaking or entering a building with the intent to commit the felony of burning a building and not guilty of the two counts of felonious burning of a building. From a judgment consolidating the offenses and the imposition of a five (5) year suspended sentence, defendant appeals.

*Attorney General Lacy Thornburg, by Special Deputy Attorney General James C. Gulick, for the State.*

*William B. Crumpler, for defendant appellant.*

JOHNSON, Judge.

At trial defendant waived his right to counsel and proceeded *pro se.* Evidence for the State tended to show the following:

Carolyn Emmanuel was employed as Health Director of the Lumbee Medical Center in Pembroke, North Carolina. Ms. Emmanuel and defendant had a dating relationship from 1976 until January 1982 when the relationship took a turn for the worse,

leading to arguments that involved some profane and threatening language by defendant. On 11 October 1983, someone broke a window at the Lumbee Medical Center and placed a smoke grenade on the inside windowsill of Ms. Emmanuel's office. The smoke grenade caused extensive smoke damage and charred the windowsill. Blood of the same type as defendant's blood was found on the glass broken from the window. Evidence further tended to show defendant suffered cuts on his hand on or about 11 October 1983. On 24 October 1983, another window at the Center was broken and a smoke grenade was found in a chair in the waiting room. The seat of the chair was burned and considerable smoke damage was done. Again, on 4 November 1983, another window in Ms. Emmanuel's office was broken and a smoke grenade was found on the floor about one foot from the window. A five to eight inch hole was burned in the carpet and again considerable smoke damage incurred. A smoke grenade was also tossed in Ms. Emmanuel's driveway around this same time period. Each time a smoke grenade was found in the Center, defendant called Ms. Emmanuel at the Center while the damage was being cleaned to ask her how things were going.

In December 1983, defendant was observed cutting the tires on Ms. Emmanuel's vehicle while it was parked at the Center. On 8 December 1983, when defendant was arrested, a smoke grenade was found near defendant in the vehicle he was occupying. In late December 1983, when Ms. Emmanuel confronted defendant about the various incidents of property damage, defendant stated, "Hey, you know I did this stuff." Defendant also told her that he was the one who vandalized her automobile and apartment in 1981.

The State's evidence further tended to show that defendant was extremely familiar with smoke grenades, having used them extensively during his twenty and one-half years in the military; that although the smoke grenade produces extreme heat it is not a true pyrotechnic in that it is not a flame producing device, nor used for incendiary purposes.

Defendant's evidence tended to show that he was at home or visiting friends when the incidents were alleged to have occurred; he had no involvement in the acts; he cut his hand while working on a car; that the smoke grenade found in the car when he was arrested belonged to his brother; and that he told Ms. Emmanuel that he committed the acts so she would leave him alone.

[1] By this appeal defendant seeks to challenge the sufficiency of the evidence used to prove the crimes charged. In order for a defendant to challenge on appeal the sufficiency of the evidence, the defendant must comply with the requirements of Rule 10(b)(3) of the Rules of Appellate Procedure, which provides in pertinent part that:

> A defendant in a criminal case may not assign as error the insufficiency of the evidence to prove the crime charged unless he moves to dismiss the action, or for judgment as in case of nonsuit, at trial.

Defendant concedes that he failed to preserve any assignments of error for review pursuant to the requirements of Rule 10(b). However, defendant contends he may challenge the sufficiency of the evidence under the provisions of G.S. 15A-1227(d) and G.S. 15A-1446(d)(5). G.S. 15A-1227(d) provides in pertinent part that "[t]he sufficiency of all evidence introduced in a criminal case is reviewable on appeal without regard to whether a motion has been made during trial." G.S. 15A-1446(d)(5) states in pertinent part that errors based upon the ground that the evidence was insufficient as a matter of law may be the subject of appellate review even though no objection, exception or motion has been made in the trial division. We hold that our review in this case is expressly limited by the Rules of Appellate Procedure.

The North Carolina Constitution grants our Supreme Court the *exclusive* authority to make rules of practice and procedure for the Appellate Division. N.C. Const. Art. IV, sec. 13(2). Pursuant to said constitutional authority our Supreme Court promulgated the Appellate Rules of Procedure. *See State v. Elam*, 302 N.C. 157, 273 S.E. 2d 661 (1981).

Where there have been conflicts between subsections of G.S. 15A-1446 and Rule 10, the North Carolina Supreme Court has unequivocally stated that the Rules of Appellate Procedure should control. *Elam, supra*, at 160, 273 S.E. 2d at 664. In *Elam*, the Court upheld this Court's refusal to review defendant's assignments of error raised pursuant to G.S. 15A-1446(d)(6), because "[t]he General Assembly was without authority to enact G.S. 15A-1446(d)(6). It violates our Constitution." *Id.* Consistent with our position upheld by the Supreme Court in *Elam*, we decline in this case to review the sufficiency of the evidence pursuant to G.S.

15A-1227(d) and 15A-1446(d)(5) as urged by defendant. However, we have chosen to consider the appeal on its merits pursuant to Rule 2 of the Rules of Appellate Procedure.

In judging the sufficiency of the evidence in a criminal case the test is whether considering the evidence in the light most favorable to the State, there is substantial evidence of all material elements of the offense from which a jury might reasonably find defendant guilty beyond a reasonable doubt. *State v. Locklear*, 304 N.C. 534, 284 S.E. 2d 500 (1981).

Defendant argues that the evidence is insufficient (1) to identify him as the perpetrator of the offenses charged, (2) to establish a breaking or entering as a matter of law, and (3) to show an intent to burn the building.

[2]   Evidence which merely discloses motive and opportunity for defendant to have committed the offense charged is insufficient to take to the jury the question of the defendant's identity as the perpetrator of the crime charged. *State v. Jones*, 215 N.C. 660, 2 S.E. 2d 867 (1939). However, evidence of motive and an opportunity, together with other incriminating circumstances, may be sufficient to take the case to the jury, although each single circumstance, when standing alone, is insufficient. *State v. Moses*, 207 N.C. 139, 176 S.E. 267 (1934); *State v. Smith*, 34 N.C. App. 671, 239 S.E. 2d 610 (1977), *disc. rev. denied*, 294 N.C. 186, 241 S.E. 2d 73 (1978).

In the case *sub judice*, the following evidence taken as a whole is sufficient to establish defendant's identity as the perpetrator of the crimes charged: Defendant's long relationship with Ms. Emmanuel had turned for the worse, leading to arguments that involved profane and threatening language by defendant; defendant lived in the general area; defendant was very familiar with the type of smoke grenades used; a smoke grenade was found near defendant in the vehicle he was occupying at the time of his arrest; defendant suffered a cut to his hand around 11 October 1983 and blood of defendant's type was found on broken glass at the scene of the crime on 11 October 1983; after each smoke grenade incident and during the time the damage was being cleaned, defendant called Ms. Emmanuel at the office to ask her how things were going; and defendant's admission to Ms. Em-

manuel, "[h]ey, you know I did all this stuff," when Ms. Emmanuel confronted him.

We believe this evidence, taken as a whole, constitutes substantial evidence from which a jury might reasonably find beyond a reasonable doubt that defendant was the perpetrator.

[3] To convict a defendant of violation of G.S. 14-54(a), it is sufficient if the State's evidence shows either a breaking *or* an entering; it need not show both. *State v. Barnette*, 41 N.C. App. 171, 254 S.E. 2d 199 (1979). The breaking of a store window, with the requisite intent to commit a felony therein, constitutes a breaking and completes the offense under G.S. 14-54(a) even if defendant never physically enters the building. *State v. Jones*, 272 N.C. 108, 157 S.E. 2d 610 (1967). Entering one's arm through a tear in a screen constitutes an entry. *State v. Yarborough*, 55 N.C. App. 52, 284 S.E. 2d 550 (1981).

Here, the evidence clearly shows that a window was broken on each occasion, thus constituting a breaking each time. *State v. Jones, supra.* Evidence that one smoke grenade was placed on the windowsill inside the window, one found in a chair just inside the window and one found on the floor on another occasion about one foot from the window is substantial evidence from which a jury might reasonably find that defendant inserted his hand through the broken window to deposit each smoke grenade. Again, it is sufficient if the State's evidence shows either a breaking *or* entering. *State v. Barnette, supra.* We find no merit to this assigned error.

[4] By his final argument, defendant contends that the evidence is insufficient as a matter of law to prove felonious intent to burn the building. We agree.

To support a verdict of guilty of felonious breaking or entering a building with the intent to commit the felony therein of burning the building, there must be evidence from which the jury could find that at the time defendant broke or entered the building, he did so with the intent to commit a felony therein, to wit: to burn the building. The intent alleged must be the intent proved. *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965).

Considering all of the evidence in the case *sub judice*, relative to the question of intent, the evidence shows, at best, a

vicious pattern of conduct with the intent to harass Ms. Emmanuel and not an intent to burn the building. The evidence is substantial and uncontradicted that defendant has had twenty and one-half years of extensive military training and experience with the use and effect of smoke grenades and that the type of smoke grenade used in this case is not a true pyrotechnic in that it is not a flame producing device, nor used for incendiary purposes. The evidence of defendant's conduct is insufficient to permit the jury to find beyond a reasonable doubt that defendant intended to burn the building at the time he broke or entered it. Defendant's convictions for felonious breaking or entering a building must be vacated.

Misdemeanor breaking or entering, G.S. 14-54(b), is a lesser included offense of felonious breaking or entering and requires only proof of wrongful breaking or entry into any building. *State v. Dickens*, 272 N.C. 515, 158 S.E. 2d 614 (1968); *State v. Rushing*, 61 N.C. App. 62, 300 S.E. 2d 445, *affirmed*, 308 N.C. 804 (1983). By finding defendant guilty of felonious breaking or entering, the jury necessarily found facts that would support defendant's convictions of non-felonious breaking or entering. Thus, we remand the case for sentencing for non-felonious breaking or entering. *See State v. Rushing, supra.*

Judgment vacated.

Remanded for entry of appropriate judgment.

Judges EAGLES and PARKER concur.