**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4208**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JVANTE MIKEL KNIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:16-cr-00020-FL-1)

Submitted:  October 27, 2017                    Decided:  November 8, 2017

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER & BRYAN, PLLC, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Donald R. Pender, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jvante Mikel Knight pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). The district court calculated Knight's Guidelines range under the U.S. Sentencing Guidelines Manual (2016) at 46 to 57 months' imprisonment and sentenced him to 71 months' imprisonment. Knight appeals this sentence, arguing that the district court erred in applying the four-level enhancement under USSG § 2K2.1(b)(6)(B) and erred in upwardly departing under USSG § 4A1.3, p.s. We affirm.

"[N]o matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." *United States v. Evans*, 526 F.3d 155, 164 (4th Cir. 2008). In doing so, we apply an abuse-of-discretion standard. *United States v. McManus*, 734 F.3d 315, 317 (4th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). This court first reviews for significant procedural error, and if the sentence is free from such error, we then consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. Procedural error includes improperly calculating the Guidelines, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* Substantive reasonableness is determined by considering the totality of the circumstances, including the extent of any deviation from the Guidelines. *Id.* An upward variance above the Guidelines is permitted where justified by the § 3553(a) factors. *See id.* We afford due deference to the district court's determination

2

that the § 3553(a) factors justify the extent of a variance, and the fact that we might find a different sentence appropriate is insufficient to justify reversal of the district court. *Id.*

When evaluating Guidelines calculations, this court reviews the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). Section 2K2.1(b)(6)(B) of the Guidelines directs the district court to increase a defendant's offense level by four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). The enhancement applies where "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* cmt. n.14(A). The purpose of the enhancement is "to punish more severely a defendant who commits a separate felony offense that is rendered more dangerous by the presence of a firearm." *United States v. Jenkins*, 566 F.3d 160, 164 (4th Cir. 2009) (internal quotation marks omitted). The requirement that a firearm be possessed "in connection with" another felony offense "is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. McKenzie-Gude*, 671 F.3d 452, 463–64 (4th Cir. 2011) (internal quotation marks omitted).

After review of the record and the parties' briefs, we find no reversible error in the district court's application of the four-level enhancement under USSG § 2K2.1(b)(6)(B). We reject as unsupported by the record Knight's assertion that the district court erred in applying the enhancement because it did not determine whether the offense connected to his use or possession of the firearm was a felony. We also reject as unsupported by the

3

record Knight's contention that the district court erred in applying the enhancement because the offense connected to his use or possession of a firearm was a misdemeanor. *See* N.C. Gen. Stat. § 14-54(a1); *State v. Worsley*, 443 S.E.2d 68, 73 (N.C. 1994); *State v. Hageman*, 296 S.E.2d 433, 441 (N.C. 1982); *State v. Myrick*, 291 S.E.2d 577, 580 (N.C. 1982); *State v. Walker*, No. COA16-1195, 2017 WL 2608057, at **3-4 (N.C. Ct. App. June 6, 2017).

We also conclude after review of the record that the 71-month sentence resulted from the imposition of an upward variance, not an upward departure under USSG § 4A1.3, p.s. The district court specifically explained in its oral pronouncement of sentence that Knight's above-Guidelines sentence was warranted in light of the nature and circumstances of Knight's offense conduct, his history and characteristics, and the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to criminal conduct, to protect the public, and to provide Knight with treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(D).[*]

We further reject as without merit Knight's contentions that his departure sentence is rendered unreasonable by the district court's reliance on his prior criminal convictions

---

[*] Although the district court's written statement of reasons accompanying the criminal judgment identifies USSG § 4A1.3, p.s., as the Guidelines provision on which the court relied in imposing the above-Guidelines prison term, it is well settled in this Circuit that the oral pronouncement of sentence controls where it conflicts with written evidence regarding the sentence. *See United States v. Osborne*, 345 F.3d 281, 283 n.1 (4th Cir. 2003); *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962). We therefore conclude that the written statement of reasons does not control over the oral pronouncement of the bases for imposing the 71-month term.

that did not receive criminal history points under the Guidelines, his misconduct while in custody, and his "mental health issues." The 71-month sentence, however, did not result from an upward departure under USSG § 4A1.3, p.s. The district court properly considered Knight's criminal history and misconduct while incarcerated in imposing sentence, § 3553(a)(1), and, in assigning weight to concerns stemming from that conduct, did not abuse its discretion. *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole). We also find no reversible error in the district court's consideration of issues relative to Knight's mental health, as that consideration informed the district court's recommendation that Knight receive rehabilitative programming while serving his prison term.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*